IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

FILED

NOV 19 2025

CLERK, U.S. DISTRICT COURT
TEXAS EASTERN

Kristeen Brooke Adams,

Plaintiff,

v.

Katie Elliot, Franklin County, and other officials to be named,

Defendants.

I. Introduction

- Plaintiff brings this action to challenge new and distinct misconduct by Franklin County officials not raised in prior litigation.

- Focus on structural conflicts of interest, administrative misconduct, and ongoing violations of due process.

II. Jurisdiction and Venue

- Federal question jurisdiction under 28 U.S.C. § 1331 (civil rights claims under 42 U.S.C. § 1983).

- Venue proper in the Eastern District of Texas because the events occurred in Franklin County.

III. Parties

- Plaintiff: Kristeen Brooke Adams, citizen of Texas.

- Defendants:

- Katie Elliot (Court Coordinator and County Attorney's Assistant, dual role conflict).
- Franklin County (municipal liability under Monell).
- Other officials as discovery reveals.

IV. Factual Allegations

1. Dual Role of Katie Elliot

- Simultaneously serving as Court Coordinator and County Attorney's Assistant.
- Enabled manipulation of records, backdating, and interference with Plaintiff's filings.
- Violates Tex. Gov't Code § 21.006 and Fourteenth Amendment due process.

2. Procedural Obstruction

- Denial of access to e-filing and clerk procedures.
- Suppression of filings and improper docket entries.

3. Retaliation After First Lawsuit

- Targeting Plaintiff with procedural traps and obstruction following her civil rights suit.
- Retaliation violates First Amendment right to petition the government.

4. Systemic Misconduct

- Pattern of defective warrants, improper complaints, and excessive bond practices.
- Not fully litigated in prior case; ongoing violations continue.

V. Causes of Action

1. 42 U.S.C. § 1983 – Due Process Violations

- Dual role conflict deprived Plaintiff of impartial tribunal.

2. 42 U.S.C. § 1983 – First Amendment Retaliation

- Retaliation for filing prior lawsuit.

3. 42 U.S.C. § 1983 – Equal Protection

- Disparate treatment of Plaintiff compared to other defendants.

4. Monell Liability (Franklin County)

- Policies/customs of allowing dual roles, defective warrants, and obstructive practices.

5. State Law Claims (if desired)

- Official oppression (Tex. Penal Code § 39.03).

- Abuse of office.


VI. Prayer for Relief

- Declaratory judgment that dual role and obstruction violate constitutional rights.

- Injunctive relief prohibiting Franklin County from allowing court staff to serve prosecutorial functions.

- Compensatory and punitive damages.

- Attorneys' fees and costs (~~if later represented~~). my Time

- Referral for criminal investigation of misconduct.

**Complaint Sections**

I. Introduction

Plaintiff, Kristeen Brooke Adams, brings this civil rights action under 42 U.S.C. § 1983 to challenge ongoing and distinct misconduct by Franklin County officials that was not addressed in her prior litigation.

This case arises from structural conflicts of interest, administrative misconduct, and retaliatory practices that undermine the integrity of the judicial process in Franklin County. Specifically, Plaintiff seeks relief for violations of her constitutional rights caused by the dual role of Katie Elliot, who simultaneously serves as Court Coordinator and Assistant to the County Attorney, thereby collapsing the separation between judicial administration and prosecutorial functions.

Plaintiff further alleges that Franklin County officials engaged in procedural obstruction, retaliation, and systemic practices that deprived her of due process, equal protection, and her First Amendment right to petition the government. These claims are distinct from those previously litigated and are based on new facts, new defendants, and new legal theories.


II. Factual Allegations

1.      Dual Role Conflict of Interest

•       Defendant Katie Elliot has simultaneously served as Court Coordinator for the Franklin County Court and as Assistant to the County Attorney.

•       This dual role created a direct conflict of interest, allowing Elliot to manipulate court scheduling, docket entries, and filings while also assisting in the prosecution of criminal cases, including Plaintiff's.

•       Such conduct violates Tex. Gov't Code § 21.006, which requires court personnel to act impartially, and the Fourteenth Amendment, which guarantees due process before an impartial tribunal.

2.      Procedural Obstruction

- Plaintiff was denied access to proper filing procedures, including e-filing and clerk services, while Elliot exercised influence over both judicial and prosecutorial functions.

- Court records were manipulated, including backdating of documents and improper docket entries, to Plaintiff's detriment.

3.   Retaliation Following Prior Lawsuit

- After Plaintiff filed her civil rights action in federal court in 2024, Franklin County officials engaged in retaliatory practices designed to obstruct her filings and intimidate her.

- This retaliation violated Plaintiff's First Amendment right to petition the government for redress of grievances.

4.   Systemic Misconduct

- Franklin County has permitted a pattern of misconduct, including:

- Defective warrants filed before being signed or signed days late.

- Improper and untimely criminal complaints.

- Excessive bond practices used punitively.

- Suppression of exculpatory evidence.

- These practices reflect a custom or policy under Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978), and were the moving force behind Plaintiff's constitutional injuries.

**Causes of Action**

Count I – Violation of Fourteenth Amendment (Due Process)

Against Defendant Katie Elliot and Franklin County

- Plaintiff was deprived of her right to a fair and impartial tribunal when Defendant Katie Elliot simultaneously served as Court Coordinator and County Attorney's Assistant.

- This dual role created a structural conflict of interest, enabling manipulation of records, scheduling, and filings while assisting in prosecution.

- Such conduct violates the Due Process Clause of the Fourteenth Amendment and Tex. Gov't Code § 21.006.

Count II – Violation of First Amendment (Retaliation)

Against Franklin County Officials

- After Plaintiff filed her prior civil rights action, Franklin County officials engaged in retaliatory practices, including obstructing filings and manipulating records.

- These actions were intended to punish Plaintiff for exercising her First Amendment right to petition the government for redress of grievances.

- Retaliation against protected activity is actionable under 42 U.S.C. § 1983.

Count III – Equal Protection Violation

Against Franklin County

- Plaintiff was treated differently from similarly situated defendants in Franklin County.

- Court staff and prosecutors manipulated her filings and imposed excessive bond in ways not applied to others.

- This disparate treatment violated the Equal Protection Clause of the Fourteenth Amendment.

Count IV – Municipal Liability (Monell)

Against Franklin County

- Franklin County permitted and maintained customs and practices that were the moving force behind Plaintiff's injuries, including:

- Allowing court staff to serve prosecutorial functions.

- Filing defective warrants and untimely criminal complaints.

- Suppressing exculpatory evidence.

- Imposing excessive bond without lawful basis.

- These practices constitute a policy or custom under Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978).

Count V – Official Oppression (State Law Claim)

Against Katie Elliot and Franklin County Officials

- By using her dual role to obstruct Plaintiff's filings and deny access to fair proceedings, Defendant Elliot engaged in conduct prohibited by Tex. Penal Code § 39.03 (Official Oppression).

- Plaintiff was intentionally subjected to unlawful mistreatment under color of office.

Count VI – Abuse of Office (State Law Claim)

Against Katie Elliot

- Defendant Elliot misused her official position to interfere with Plaintiff's rights and to advance prosecutorial objectives while serving as Court Coordinator.

- Such conduct constitutes abuse of office under Texas law.

**Prayer for Relief**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants, and grant the following relief:

1. Declaratory Relief

• A declaration that the dual role of Katie Elliot and the systemic practices of Franklin County violate Plaintiff's constitutional rights under the First, Eighth, and Fourteenth Amendments.

2. Injunctive Relief

• An order prohibiting Franklin County from permitting court staff to simultaneously serve prosecutorial functions.

• An order requiring Franklin County to implement safeguards ensuring impartial administration of justice, including transparent filing procedures and separation of judicial and prosecutorial roles.

3. Compensatory Damages

• For the harm suffered as a result of due process violations, retaliation, excessive bond, and obstruction of filings.

4. Punitive Damages

• Against individual defendants whose conduct was willful, malicious, or in reckless disregard of Plaintiff's constitutional rights.

5. Referral for Criminal Investigation

• Referral of Defendant Katie Elliot and other responsible officials for investigation under Tex. Penal Code § 39.03 (Official Oppression) and related statutes.

6. Attorneys' Fees and Costs

• Pursuant to 42 U.S.C. § 1988, Plaintiff requests reasonable attorneys' fees and costs, or pro se reimbursement where applicable.

7. Any Other Relief

- Such other and further relief as the Court deems just and proper.

Parties Section

Plaintiff

- Kristeen Brooke Adams – Citizen of Texas, pro se litigant, and advocate for judicial accountability.

Defendants

1. Katie Elliot – Court Coordinator for Franklin County Court and Assistant to the County Attorney. Her dual role created a structural conflict of interest, enabling manipulation of records and obstruction of Plaintiff's filings.

2. Franklin County – A municipal entity responsible for policies, customs, and practices that permitted dual roles, defective warrants, excessive bond practices, and obstruction of filings. Liable under Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978).

3. Franklin County Attorney – Supervisory official responsible for prosecutorial functions. Permitted or directed Katie Elliot's dual role, thereby collapsing the separation between judicial administration and prosecution.

4. Clerk of Court / Deputy Clerks – Administrative officials responsible for maintaining court records and filings. Denied Plaintiff access to e-filing, mishandled filings, and returned defective notices, contributing to due process violations.

5. Franklin County Judge (County Judge) – Administrative head of Franklin County government. Responsible for oversight of county courts and policies. Failed to correct or prevent structural conflicts of interest and systemic misconduct.

6. Franklin County Commissioners Court – Governing body responsible for county policies and budgets. Allowed or ignored practices that undermined impartial justice, including dual roles and obstructive filing procedures.

7. Franklin County Sheriff / Jail Officials – Enforced defective warrants, imposed excessive bond, and mishandled custody in ways that violated Plaintiff's constitutional rights.

Potential Defendants to Add

1. Clerk of Court / Deputy Clerks

- If they denied you access to e-filing, mishandled filings, or returned defective notices.

- Their role is administrative, but if they knowingly obstructed filings, they can be named.

2. County Attorney (Franklin County)

- If Katie Elliot acted under the County Attorney's supervision, the attorney may be liable for permitting or directing her dual role.

- This ties prosecutorial misconduct directly to county policy.

3. County Judge (Franklin County Judge, not the District Judge)

- Responsible for administrative oversight of county courts.

- If they allowed or ignored the dual role conflict, they can be named for supervisory liability.

4. Sheriff / Jail Officials

- If they enforced defective warrants, imposed excessive bond, or mishandled custody.

- Adds weight to systemic misconduct claims.

5. Commissioners Court (Franklin County Commissioners)

- They set county policies and budgets.

- If they knowingly permitted dual roles or failed to correct systemic practices, they can be named under Monell liability.

6. District Clerk (if separate from County Clerk)

- If filings in your case were mishandled at the district level.

- Can be tied to obstruction and denial of access.

Potential Defendants to Add

1. Clerk of Court / Deputy Clerks

- If they denied you access to e-filing, mishandled filings, or returned defective notices.
- Their role is administrative, but if they knowingly obstructed filings, they can be named.

2. County Attorney (Franklin County)

- If Katie Elliot acted under the County Attorney's supervision, the attorney may be liable for permitting or directing her dual role.
- This ties prosecutorial misconduct directly to county policy.

3. County Judge (Franklin County Judge, not the District Judge)

- Responsible for administrative oversight of county courts.
- If they allowed or ignored the dual role conflict, they can be named for supervisory liability.

4. Sheriff / Jail Officials

- If they enforced defective warrants, imposed excessive bond, or mishandled custody.
- Adds weight to systemic misconduct claims.

5. Commissioners Court (Franklin County Commissioners)

- They set county policies and budgets.
- If they knowingly permitted dual roles or failed to correct systemic practices, they can be named under Monell liability.

6. District Clerk (if separate from County Clerk)

- If filings in your case were mishandled at the district level.
- Can be tied to obstruction and denial of access.

Factual Allegations

1. Katie Elliot – Dual Role Conflict of Interest

- Defendant Elliot simultaneously served as Court Coordinator and Assistant to the County Attorney.

- This dual role created a structural conflict of interest, enabling manipulation of records, scheduling, and filings while assisting in prosecution.

- Her conduct deprived Plaintiff of due process and violated Tex. Gov't Code § 21.006 and the Fourteenth Amendment.

2. Franklin County Attorney – Supervisory Liability

- The County Attorney permitted or directed Elliot's dual role, collapsing the separation between judicial administration and prosecutorial functions.

- By failing to prevent or correct this misconduct, the County Attorney contributed to systemic violations of Plaintiff's constitutional rights.

3. Clerk of Court / Deputy Clerks – Procedural Obstruction

- Plaintiff was denied access to proper filing procedures, including e-filing and clerk services.

- Clerks mishandled filings, returned defective notices, and allowed irregular docket entries.

- These actions obstructed Plaintiff's ability to defend herself and violated her right to petition the government.

4. Franklin County Judge – Administrative Oversight Failure

- The County Judge, as administrative head of Franklin County government, failed to correct or prevent the dual role conflict and systemic misconduct.

- This failure allowed unconstitutional practices to persist unchecked.

5. Franklin County Commissioners Court – Policy and Budget Oversight

- The Commissioners Court, responsible for county policies and budgets, knowingly permitted or ignored practices that undermined impartial justice.

- Their inaction contributed to the establishment of customs and policies that harmed Plaintiff.

6. Franklin County Sheriff / Jail Officials – Enforcement of Defective Warrants and Excessive Bond

- Sheriff's deputies enforced defective warrants filed before being signed or signed days late.

- Jail officials imposed excessive bond ($10,000) without lawful basis, punishing Plaintiff rather than ensuring appearance.

- These practices violated the Eighth Amendment and contributed to Plaintiff's injuries.

7. Systemic Misconduct – Pattern and Practice

- Franklin County has permitted a pattern of misconduct, including:

- Defective warrants and untimely criminal complaints.

- Excessive bond practices used punitively.

- Suppression of exculpatory evidence.

- Obstruction of filings and denial of access to court procedures.

- These practices reflect a custom or policy under Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978), and were the moving force behind Plaintiff's constitutional injuries.

Relief Against Each Defendant

Against Katie Elliot

- Compensatory damages for harm caused by her dual role conflict, obstruction of filings, and manipulation of records.

- Punitive damages for willful and malicious conduct.

- Injunctive relief prohibiting her from serving in dual roles that collapse judicial and prosecutorial functions.

Against Franklin County

- Declaratory judgment that county customs and practices violated Plaintiff's constitutional rights.

- Injunctive relief requiring Franklin County to implement safeguards ensuring impartial administration of justice, including separation of judicial and prosecutorial roles.

- Compensatory damages under Monell liability for systemic misconduct.

Against Franklin County Attorney

- Supervisory liability for permitting or directing Katie Elliot's dual role.

- Injunctive relief requiring the office to adopt policies preventing staff from serving in conflicting roles.

- Compensatory damages for constitutional violations arising from prosecutorial misconduct.

Against Clerk of Court / Deputy Clerks

- Compensatory damages for denial of access to filing procedures and obstruction of filings.

- Injunctive relief requiring transparent and impartial filing practices.

Against Franklin County Judge (County Judge)

- Declaratory judgment for failure of administrative oversight.

- Injunctive relief requiring corrective measures to prevent structural conflicts of interest.

**Against Franklin County Commissioners Court**

- Declaratory judgment for permitting systemic misconduct through policy and budget oversight.

- Injunctive relief requiring adoption of policies that ensure impartial justice and prevent dual roles.

**Against Franklin County Sheriff / Jail Officials**

- Compensatory damages for enforcement of defective warrants and excessive bond practices.

- Injunctive relief prohibiting enforcement of defective warrants and requiring lawful bond procedures.

- Punitive damages for reckless disregard of Plaintiff's constitutional rights.

Consolidated Prayer for Relief

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against all Defendants, and grant the following relief:

1. Declaratory Relief

- A declaration that Defendants' conduct — including Katie Elliot's dual role, procedural obstruction by clerks, supervisory failures by the County Attorney and County Judge, systemic practices permitted by the Commissioners Court, and enforcement of defective warrants and excessive bond by the Sheriff — violated Plaintiff's constitutional rights under the First, Eighth, and Fourteenth Amendments.

2. Injunctive Relief

- An order prohibiting Franklin County from permitting court staff to serve prosecutorial functions.

- An order requiring Franklin County to adopt policies and safeguards ensuring impartial administration of justice, transparent filing procedures, and lawful bond practices.

- An order directing supervisory officials (County Attorney, County Judge, Commissioners Court) to implement corrective measures preventing structural conflicts of interest and systemic misconduct.

3. Compensatory Damages

- Against all Defendants, jointly and severally, for harm suffered due to due process violations, retaliation, excessive bond, and obstruction of filings.

4. Punitive Damages

- Against individual Defendants (Katie Elliot, Clerk of Court/Deputy Clerks, Sheriff/Jail Officials) for willful, malicious, or reckless disregard of Plaintiff's constitutional rights.

5. Referral for Criminal Investigation

- Referral of Defendant Katie Elliot and other responsible officials for investigation under Tex. Penal Code § 39.03 (Official Oppression) and related statutes.

6.   Attorneys' Fees and Costs

- Pursuant to 42 U.S.C. § 1988, Plaintiff requests reasonable attorneys' fees and costs, or pro se reimbursement where applicable.

7.   Any Other Relief

- Such other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Kristeen Adams*

Kristeen Brooke Adams

Pro Se Plaintiff

9791 Union Grove Rd

Gladewater, Texas 75647

903-371-7372

kristeenadams@yahoo.com

Dated: Nov 19, 2025